No. 00-407

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 93

IN THE MATTER OF THE CUSTODY AND
PARENTAL RIGHTS OF F.M. and S.M.,

Youths in Need of Care.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Jeffrey M. Sherlock, Judge presiding.

**FILED**

COUNSEL OF RECORD:

MAY 2 4 2001

For Appellant:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Peter Bovington, Attorney at Law, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Ilka Becker,
Assistant Attorney General, Helena, Montana

Mike McGrath, Lewis and Clark County Attorney; Carolyn
Clemens, Deputy County Attorney, Helena, Montana

For Youths:

Randi M. Hood, Attorney at Law, Office of Public Defender,
Helena, Montana

Submitted on Briefs: September 28, 2000

Decided: May 24, 2001

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 W.B. appeals from the judgment entered by the First Judicial District Court, Lewis and Clark County, on its findings of fact, conclusions of law and order terminating her parental rights to F.M. and S.M. We affirm.

¶2 The issue on appeal is whether the District Court abused its discretion in terminating W.B.'s parental rights.

## BACKGROUND

¶3 The Montana Department of Public Health and Human Services (DPHHS) has been involved with W.B. off and on since 1988 as a result of various allegations that she had abused or neglected her children, C.M., F.M. and S.M. In February of 1996, DPHHS petitioned for permanent legal custody of the three children. After a hearing on the petition, the District Court found that the children were youths in need of care, that W.B. had failed to successfully complete her court-approved treatment plan and that the existing conditions which rendered her unfit to parent her children were unlikely to change within a reasonable time. Based on these findings, the court entered its order granting DPHHS permanent legal custody of the three children with the right to place them in foster care until they reached the age of eighteen. W.B. appealed the District Court's order to this Court. We concluded that the District Court's findings of fact were supported by substantial evidence in the record and affirmed its order granting permanent legal custody of the children to DPHHS. See Matter of C.M. (1997), 281 Mont. 183, 188, 932 P.2d 1063, 1066.

¶4    DPHHS subsequently petitioned the District Court to terminate W.B.'s parental rights to F.M. and S.M. After a hearing, the District Court entered its findings of fact, conclusions of law and order in which it reiterated its findings from the 1996 order granting DPHHS permanent custody of the children and determined that no evidence had been presented to indicate that W.B. had made any significant changes in her ability to parent F.M. and S.M. The court further concluded that it was in the two children's best interests to terminate W.B.'s parental rights, as the children needed permanent placement to successfully progress in their therapy. On this basis, the District Court terminated W.B.'s parental rights to F.M. and S.M. and awarded those parental rights to DPHHS with the concomitant right to consent to the children's adoption. The court further ordered that W.B. be allowed to visit the children if DPHHS determined that visitation would be in the children's best interests. W.B. appeals from the order terminating her parental rights to F.M. and S.M.

STANDARD OF REVIEW

¶5    A decision to terminate parental rights is within a district court's discretion and, consequently, we review that decision to determine whether the court abused its discretion. In re Custody of C.F., 2001 MT 19, ¶ 11, 304 Mont. 134, ¶ 11, 18 P.3d 1014, ¶ 11 (citation omitted). However, in reaching its decision to terminate parental rights, a district court must make specific factual findings in accordance with the requirements set forth in § 41-3-609, MCA. Custody of C.F., ¶¶ 11-12. We review these underlying findings of fact to determine whether they are clearly erroneous. Custody of C.F., ¶ 11. A finding of fact is clearly

3

erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence or if, upon reviewing the record, this Court is left with the firm conviction that the district court made a mistake. Custody of C.F., ¶ 11. Finally, "the district court is bound to give primary consideration to the physical, mental, and emotional conditions and needs of the children." Matter of C.M., 281 Mont. at 187, 932 P.2d at 1066. Consequently, the best interests of the children are the paramount concern in a parental rights termination proceeding and take precedence over the parental rights. Matter of C.M., 281 Mont. at 187, 932 P.2d at 1066.

## DISCUSSION

¶6 Did the District Court abuse its discretion in terminating W.B.'s parental rights?

¶7 Section 41-3-609(1), MCA, sets forth the criteria which must be met before terminating parental rights and provides, in pertinent part, that

> [t]he court may order a termination of the parent-child legal relationship upon a finding that any of the following circumstances exist:
>
> . . .
>
> (f) the child is an adjudicated youth in need of care and both of the following exist:
>
> (i) an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and
>
> (ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time.

4

¶8     In addressing the above statutory criteria, the District Court first reiterated its findings from the 1996 permanent legal custody proceeding that F.M. and S.M. had been adjudicated youths in need of care, that W.B. had failed to successfully complete her treatment plan and that the conditions rendering her unfit to parent were unlikely to change within a reasonable period of time. The court then determined that, based on the evidence presented at the hearing on the petition to terminate, there was no indication W.B. had made any significant changes which would prevent further abuse or neglect if the children were returned to her custody and that it was in the best interests of the children to terminate W.B.'s parental rights. W.B. asserts error.

¶9     W.B. first argues that the District Court's finding that the conduct or condition which renders her unfit to parent her children had not changed--and was not likely to change--is erroneous. She asserts that the testimony of several therapists and personal friends presented at the hearing on the petition to terminate established that she had made progress in dealing with her emotions and could act appropriately around her children. However, the testimony on which W.B. relies for her argument established only that she could act appropriately around the children if allowed visitation with them. None of the witnesses testified that W.B.'s circumstances had changed sufficiently to ensure that F.M. and S.M. would not be subject to further abuse or neglect if returned to W.B.'s custody. Indeed, W.B. concedes that she was not asking the court to return the children to her custody, but only to allow her to visit with them. Consequently, we conclude that the District Court's finding that the conduct

5

or condition rendering W.B. unfit to parent her children is not likely to change within a reasonable time is not clearly erroneous.

¶10 W.B. also argues that the District Court's finding that it is in the children's best interests to terminate her parental rights is erroneous because the testimony of the children's social workers and therapists was unanimous that the children should have contact with her in the future. She asserts that, if her parental rights are terminated, there is no guarantee that such contact will occur and, therefore, termination is not in the children's best interests. It is true the social workers and therapists believed that contact with W.B. would be beneficial for F.M. and S.M. when they are psychologically ready for that to occur. However, these witnesses also testified unanimously that termination of W.B.'s parental rights is appropriate. The testimony established that the children are in need of permanency and stability in their lives in order to effectively progress in their therapy and the continued fantasy of being returned to their mother's care someday was detrimental to the therapeutic process. Consequently, according to these witnesses, it was in the children's best interests to terminate W.B.'s parental rights in order to remove this barrier to their progress in therapy. We conclude that this testimony constitutes substantial evidence supporting the District Court's finding that it is in the bests interests of F.M. and S.M. to terminate W.B.'s parental rights.

¶11 We conclude that the District Court's findings of fact are supported by substantial evidence and not otherwise clearly erroneous, and its conclusions of law are correct. As a

6

result, we hold that the District Court did not abuse its discretion in terminating W.B.'s parental rights.

¶12    Affirmed.

/s/ Karla M. Gray
Chief Justice

We concur:

/s/ W. William Leaphart

/s/ Jim Regnier

/s/ Terry Trieweiler
Justices

7